GEORGE HANCOCK AND OTHERS v. RICHARD S. MORGAN AND WIFE.

The homestead exemption, under the Constitution, is, if included in any town or city, any town or city lot or lots, in value not to exceed two thousand dollars, including the improvements in said valuation.

Where a homestead is situated upon a single town or city lot, and the said lot, with all the improvements thereon, does not exceed in value the sum of two thousand dollars, the whole is exempt from forced sale, without regard to the uses to which part of the lot may be applied.

It would seem that it is not material, in the question of homestead, whether, being town or city lots, they adjoin each other or not, provided they are actually used for the purposes of the homestead, and all, including improvements, do not exceed two thousand dollars in value.

Appeal from Travis. Tried below before the Hon. Robert J. Townes.

The debt on which the judgment was obtained, was contracted after the present Constitution of the State went into effect. The lease to Gray was made in Oct., 1851, for one year, which had not expired at the date of the levy. The Judge instructed the jury, without request, as follows:

If the jury believe from the evidence, that the homestead of the plaintiffs is situated upon a single lot in a town or city, and that the said lot includes the property levied upon, and if they also believe, from the evidence, that the said lot, with all the improvements thereon, does not exceed in value the-

sum of two thousand dollars, they will find a verdict for the plaintiffs.

If the jury believe that the said lot, with all the improvements thereon, is of a value exceeding two thousand dollars, they will then ascertain the value of said property and find their verdict accordingly. The jury will also separately find the value of the lot and improvements.

The Judge refused to give the following instructions, asked by defendant :

1st. That the Constitution will only protect from forced sale the ground used and occupied by the claimant in connexion with his actual place of residence.

The verdict of the jury was as follows : We the jury find for the plaintiffs, and find that there is but one lot with its improvements, and that they are not worth two thousand dollars. We, the jury, find the lot to be worth four hundred dollars, and all the improvements thereon are not worth over $1500.

The other proceedings are stated in the Opinion.


*E. R. Peck*, for appellants. I.—The question of exemption is controlled by two considerations only : 1st. The uses to which the property is appropriated ; 2nd. the value thereof. If it be used for the homestead purposes, and falls within the designated value, then, and then only, is it exempt. The fact that property lies adjacent to, and is connected with, the family residence, has no controlling force in determining the question of exemption. " Homestead " by no means implies or includes in its meaning all the lands which the party owned or might own adjacent to his domicil. It means nothing more than the home-place and the lands used for the purposes thereof. (Woodman v. Lane, 7 New Hamp. 241.)

II. The excess of the value of improvements on the homestead property over the sum of five hundred dollars, are not

exempt from levy and forced sale.   (Wood v. Wheeler, 7 Tex. R. 13.)

Because, 1st, Article 1270, Hart. Dig., Act of 1839, and Section 22 (Judicial Department) of the Constitution, should be construed together ; they are Statutes or Acts in *pari materia,* relating to the same thing or class of things.  (Smith on Construc. Sec. 636, *et seq.*;  United Society v. Eagle Bank, 9 Conn. 469.)

If they are thus construed together, the law is clear, certain, definite and specific in its meaning, exempting improvements on the homestead to the amount of $500 only, and lot or lots used for the purposes of the family residence or domicil not to exceed $2000 in value.

III.   Laws exempting certain portions of debtors' property from forced sale, should not receive a broad construction, or take anything by inference or implication ; because they are in derogation of Common Law rights. (5 Denio, 119 ; Cincinnati College v. Ohio, 19 Ohio, 110.)

*A. J. Hamilton,* also, for apppellants.

*I. A. & G. W. Paschal,* for appellees.

LIPSCOMB, J.   The material facts in this case are :  The appellants obtained judgment against the appellee, and levied execution on a house and lot in the city of Austin, occupied by one Gray and family, under a lease from Morgan.   Execution was enjoined by Morgan and wife, under a claim that the levy was upon a part of their homestead lot, upon which they resided.   It was in proof that Morgan, shortly after his marriage, purchased the lot and moved into the house ; lived upon and resided therein until he built another house upon the same lot, and then moved into the new house.   The whole lot was inclosed ; that after moving into the new house, he rented the old house to Gray for two hundred dollars, and run a fence

across the lot, separating the old house from the new ; that the whole lot is forty-six feet front, by one hundred and twenty-eight feet deep ; that the well was nearer to the old house than to the new, and was used in common by Morgan's family and Gray's ; that after cutting off the old house from the new house, in which Morgan and family resided, there would not be room for a stable, garden, or calf-pen, such conveniences as would be required by a family. The value of the whole lot and buildings was not exceeding two thousand dollars. There was a trial and verdict in favor of the homestead claim, and a decree that the property levied on was exempt from forced sale. The plaintiffs in execution appealed.

The question presented for our consideration is, whether, from the statement of the facts recited, the part of the lot levied on still constituted a part of, or an appurtenance to the homestead of Morgan and wife.

The solution of the question presented depends upon the true construction of that part of the 22d Section of the General Provisions of our Constitution, exempting from forced sale " the homestead of a family, not to exceed two hundred " acres of land, not included in a town or city, or any town or " city lot or lots, in value not to exceed two thousand dollars." It is to the latter part of the quotation we have made from the Section, our attention must be directed ; and it is believed that by a fair construction of the language used, we are not limited in defining the homestead, to any number of lots in a town or city ; but that the homestead may extend over any number of town or city lots necessary to the convenience and comfort of the family. If the town or city lots were large, a less number would be sufficient for family purposes ; if very small, a greater number would be required. The limitation is not to the number, but to their value, including the improvements ; and it would, in some measure, depend upon the size or number of the family, how much would be required. If the family was large, more out-buildings would be required, and more ground

for a garden, orchard, and the like ; and it is not material how many lots were required for this purpose, provided the lots and improvements did not exceed in value two thousand dollars ; nor would it be material, that the lots so used for the convenience of the family, should be adjoining to each other if they were so used. It is not believed to be essential to their protection, that all of the lot or lots should be already so used or occupied for the convenience of the family, at the time that a part thereof was sought to be subjected to a forced sale, if there was a reasonable presumption that they would be required and would be so used.

To apply the views we have expressed, of the construction of the law, to the case before us : Did the separation of a part of the lot on which the old house stood, and renting it out, for one or two years, effect a separation of it from the homestead, and remove it from protection from a forced sale ? or would not the reasonable presumption be, that it was only a temporary arrangement, with an intention, so soon as time and means would allow, to resume the use of it for the use and comfort of the family ? We believe the latter is the most reasonable conclusion, fairly deducible from the circumstances and the facts of the case. The whole lot was a very small one for a family residence, with any prospect of comfort, and not more than might reasonably be required for such improvements as would be almost necessary to the most frugal and economical establishment. The family had but just then been constituted ; as it is in evidence that Morgan married in the month of March, 1850 ; soon after which he purchased the lot in question, and removed into the house then on the lot, and the lot thus became the homestead of the family. At that time no one would have believed it was too large for the present and prospective wants and comfort of the family. We have evidence that the lease could not have been long. We have no evidence that it was for more than one year, and the presumption is that it was not for a longer term ; and it was

Hancock v. Morgan.

but prudent for new beginners in housekeeping to submit to some privations, until their means were increased; and it is not surprising or unreasonable that they should rent the old house for the time, without intending to relinquish it as a part and parcel of the homestead. The appropriation of the old house to the use of a tenant could not have been long, as we have said before, because the family occupied the house for the first time as a homestead after March, 1850, after which the new house was built, before they left the old one, and the execution was levied on it in July, 1852. From these facts we conclude that it was only a temporary abandonment of the use of a part of the homestead privilege.

Again; the homestead was not over the limited value, when it was acquired, and the husband could not have sold a part of it without the consent of his wife, as he could not be permitted to do indirectly, what he could not directly do, and destroy the homestead piece-meal, and disturb his wife in the enjoyment of the privilege secured to her by law; as it cannot be doubted, that the quiet and comfort of the wife, in the enjoyment of her home, constituted an important element in the homestead exemption from forced sale. This principle is enunciated in the Opinion of this Court in Berlin and Berlin v. Burns, decided a few days ago.

We therefore conclude that the Court below did not err in refusing to grant a new trial, and decreeing that the property levied on was exempt from execution; and the decree is affirmed.

Judgment affirmed.