## FAIRBANKS VS. ISHAM, and others.

In setting out a written instrument in a pleading, it will be a sufficient compliance with the rule which only requires its legal effect to be stated, if its *substance* is given correctly.

Where a party professes to give the legal effect and operation of the instrument, and its legal effect is different from that which appears by his statement, a *variance* will occur, and the instrument will be excluded at the trial, although he adopts the exact expressions contained in it; but when he does not profess to give the *substance* and legal effect of it only, but states the *very words* of the instrument, the court will then construe it for him.

When a party sues as assignee of a mortgage, the witnessing and acknowledgment of the mortgage are not facts presumptively within his personal knowledge, and it will be sufficient for him to aver the same upon information and belief only.

APPEAL from the County Court for *Milwaukee* County.

The action was brought to foreclose a mortgage executed by the defendant *Platto*, who conveyed the mortgaged premises to the defendant *Isham*, and he was for that reason made a party defendant to the action. The defendant *Isham* demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause for action. The county court overruled the demurrer and the defendant *Isham* appealed. The points arising on the demurrer are stated in the opinion of the court.

*J. V. V. Platto*, for appellant.

*Carpenter & Gridley*, for respondent.

*By the Court*, DIXON, C. J.     There is no error in the case. As to the first one assigned. that it is irregular for the pleader

to set out what he conceives to be the *substance* of the condition of the bond, the counsel is condemned by his own authorities. To state the substance of a written instrument is to state it according to its, legal effect; and this has always been allowable. In doing so, the pleader has this danger to guard against, that he may mistake the legal effect, which if he does, there will be a variance, and the instrument will be excluded at the trial. If, however, he mistake the legal effect and yet state facts constituting a cause of action, the remedy is not by demurrer; but by objection to evidence at the hearing. If the complaint contains a statement of facts which, in judgment of law, constitute an indebtedness or liability, the demurrer must be overruled, for it admits the truth of the facts thus pleaded. As it is not contended that the facts stated are not sufficient, but only that pleading them "in substance" is not permissible, the latter question only is examined. Mr. CHITTY, at the page cited by the counsel, (1 Ch. Pl., 306) says : "It frequently becomes an important question, when the party is about to set out some written instrument, whether it will be advisable to follow the *terms* of the instrument or to give merely its *substance. The latter, if given correctly, it will be a sufficient compliance with the rule, which only requires the legal effect to be stated.*" Again, "from some later cases it rather appears, that the true rule in setting out a written contract may be, that where the party professes to give the legal effect and operation of the deed, and the legal operation is different from that which appears by his statement, a *fatal variance will occur*, although he adopts the exact expressions contained in the instrument; but when he does not profess to give the exact *substance* and legal effect only, but to state *the very words* of the deed, the court will then construe the deed for him." In *Fairbanks vs. Bloomfield*, 2 Duer., 349, the facts upon which it was claimed that the plaintiff had a mortgage, were not stated in substance or otherwise, so as to enable the court to determine that question. And in *Lienan v. Lincoln*, idem, 670, the de-

cision was that there were no facts, in whatever form of statement, showing that the defendant had incurred the liability charged. *Stanwood v. Scovel,* 4 Pick., 422, presents the common case of variance arising upon objection to evidence. The point of pleading involved in *Adams v. The Mayor,* 4 Duer, 295, was, whether it was necessary for the plaintiff to aver compliance with conditions precedent, the performance of which he was bound to prove in order to entitle himself to a verdict. It was held that the conditions "should be set out at length *or in substance,*" with proper averments to show that they had been complied with.

The second alleged error is, that the witnessing and acknowledgment of the mortgage are improperly averred upon information and belief. It is said that this form of averment is unauthorized, when the facts are presumptively within the personal knowledge of the whole world. The plaintiff sues as assignee, and these facts are not presumptively within his personal knowledge, or that of the whole world. Hence, the pleading is good as it is. *Morley v. Guild,* 13 Wis., 576. The order of the county court, overruling the demurrer to the complaint, is therefore affirmed.