## Buxton *v.* Dearborn & a.

A small piece of land, on which hay is cut for a cow kept at the house where a man lives, may be regarded as part of his homestead, though the land is separate from the house and a mile distant, provided that the house and the land together do not exceed five hundred dollars in value and the land is used in connection with the house to furnish necessary feed for the cow.

Writ of entry for land in Francestown.

The defendants claimed title by virtue of the levy of an execution is-

sued on a judgment against the plaintiff founded on a cause of action arising since January 1, 1852.

The plaintiff claimed under the Homestead Act. At the time of the attachment and levy, the plaintiff Buxton owned and occupied a lot of land in Francestown upon which was a house in which he lived with his family.

The demanded premises had no buildings thereon, and are situated about one mile from the lot and house above named, and are in no way connected with the same, as a mile of lands of various persons intervene. Buxton has always cut hay upon the demanded premises which he has fed to his cow. No part of the demanded premises has ever been let to tenants, and the whole value of the same, together with the above named house and lot will not exceed in value five hundred dollars.

At the time of the attachment and levy, Buxton did not own, nor does he now own, any other real estate than that above named.

The execution under which the defendants claimed was in favor of Robert Bradford, and before the commencement of this suit Buxton made a demand upon him for a homestead to be assigned and set off to him from the demanded premises.

It was agreed that this case be submitted to the court upon the above stated facts, reserving to either party the right to a trial by jury without prejudice from any thing therein contained.

*Morrison, Stanley & Clark,* for plaintiff.

*Dearborn & Scott,* for defendant.

PERLEY, C. J. We understand the case to find that the plaintiff owned, and lived with his family in, a dwelling-house, in such way that he had a homestead there; that he kept a cow at the house; that the land in dispute was not contiguous to the house, but distant from it about one mile; that, while he lived in the house, the plaintiff occupied and used the land in dispute as mowing land, on which he cut hay for the cow kept at the house; that the quantity of hay cut was no more than was necessary for the feed of the cow, and that both the house and the land in dispute did not exceed five hundred dollars in value. The simple question submitted in argument is whether this piece of land thus used in connection with the occupation of the house, but separate from it, is to be regarded as parcel of the homestead within the meaning of that term as used in the statute.

It is "the family homestead of the head of each family," which the statute exempts from levy and attachment. The term "homestead" is used in the statute without further qualification; and the statute should have a liberal interpretation to accomplish the object of the law, which was to leave, for the upholding and support of a debtor's family, a property where they lived not exceeding five hundred dollars in value, that should be exempted from levy and attachment for his debts. If a piece of land was actually and conveniently used with the house, where a debtor lives, and was necessary to the convenient enjoyment of the house

as a home for his family, the land might well be considered as a mere appurtenant to the house, and it would be a narrow construction, tending to defeat the humane object of the statute, to hold that it could not be regarded as parcel of the homestead because it did not happen to adjoin the land on which the house stood.

The statutes in other States on the subject of homestead exemption are in terms so different from ours that cases in the construction of those statutes do not furnish us with any direct authority. But the inference from the discussions in those cases is strong that where the word "homestead" is used in a statute on that subject, without qualification, the term is broad enough to include land situated like that which is in dispute here. *True* v. *Morrill*, 28 Vt. 674; *Walters* v. *The People*, 18 Ill. 194; *Hancock* v. *Morgan*, 17 Texas 582.

Our conclusion is that the land in dispute was parcel of the plaintiff's homestead, and he must have judgment, unless the plaintiff should elect a trial.