## C. W. & J. T. MOORE v. C. W. WHITIS, ADM'R.

Where the mortgagor resided upon the same lot upon which his storehouse, in which he conducted the mercantile business, was situated, the whole was his homestead, and exempt from foreclosure of the mortgage and forced sale, under the 22d section of the VIIth article of the constitution of 1845. (Paschal's Dig., p. 65, Art. VII, sec. 22, Note 198.)

The cases of Hancock v. Morgan, 17 Tex., 582, affirmed by Prior v. Stone, 19 Tex., 371, and Sossaman v. Powell, 21 Tex., 664, are approved, and they are decisive of this case. (Paschal's Dig., Note 198.)

APPEAL from Caldwell. The case was tried before Hon. JOHN IRELAND, one of the district judges.

This was a case that originated in the county court of Caldwell county, by the appellants, against C. W. Whitis, administrator of Thomas Catton, deceased, and Esther Catton, the widow of Thomas Catton, intervenor.

Petition filed 5th May, 1866. The appellants allege, that on the 19th February, 1860, Thomas Catton, deceased, executed to them a note for $917 45, due eleven months after date; that on the 7th day of February, 1861, Thomas Catton executed to them a mortgage upon part of a lot and storehouse in the town of Prairie Lea, to secure the payment of the note, and that the note and mortgage, with the proper affidavit, were presented to the defendant, C. W. Whitis, administrator of Thomas Catton, and accepted by him; that on the 13th day of February, 1866, said note, mortgage, affidavit, and acceptance, were presented to the county judge for approval; that the same were, by an order entered upon the minutes of said court, approved, and debt established as a valid claim against said estate, and prayed for the foreclosure of the lien, order of sale of house and lot, and that the proceeds be ordered to be paid on the debt.

On the 28th day of May, 1866, Esther Catton filed her petition for intervention, and alleged that the storehouse and lot described in the appellants' mortgage was, at the date of the mortgage, the date of the death of Thomas Catton, and at the date of filing her petition, (28th May, 1866,) the homestead of her and her children; that she had never assented to the sale or mortgage of it; that the appellants' mortgage and lien upon the storehouse and lot, under the constitution and laws of the state, are void; and that at the January term, 1862, the probate court set it apart as a part of the homestead, and prayed that the appellants' petition for an order of sale to satisfy the debt might be overruled.

At the May term, 1866, of the county court, that court

refused to order the sale of the storehouse and lot to pay appellants' debt, and decreed that said Esther Catton be, and she is hereby, quieted in her right and possession of said property, and the appellants appealed to district court.

In the court below a jury was waived and cause submitted to the court. After hearing the evidence, the court dismissed the appellants' petition, gave judgment against them for costs, and decreed the storehouse and lot to the intervenor for herself and children, and from that judgment and decree the appellants appealed.

It was agreed that Thomas Catton, on the 7th February, 1861, was indebted to appellants $917 45, by note dated 19th February, 1860; that, on the 7th February, 1861, Thomas Catton executed a mortgage upon the storehouse and lot in controversy to appellants, to secure the payment of that note; that it had been duly acknowledged and recorded in Caldwell county, in February, 1861; that the note and mortgage were duly proven on the 20th of January, 1866, and accepted by C. W. Whitis, as administrator, 25th January, 1866, and approved by the chief justice 13th February, 1866; and that the county court rendered judgment, refusing appellants a foreclosure of said mortgage and sale of the house and lot; and there appellants rested their case.

The intervenor, Mrs. Catton, proved, by the witness A. P. Bonner, that he had known Thomas Catton ten years; that the intervenor was his widow; the oldest child of said Thomas Catton, and Esther Catton was about seventeen years old, the others under fifteen years of age; that Thomas Catton lived at Prairie Lea, in Caldwell county, at his death; that he used the store and lot in controversy as a business house to sell goods; that the residence of the deceased, on which he lived at his death, was then worth $500, and the storehouse and lot $1,000—both together not over $1,500 or $1,800; that deceased had no other occupation but that of a merchant; that Esther Catton sold said

residence before she moved from the state for $500; that the family residence of deceased was some two hundred yards from the storehouse; that a street intervened between them; that the intervenor, Esther Catton, and her children, left this state about the 10th of May, 1866.

Glenn testified that he had known the deceased ever since he came to the county; that he first built and occupied a small house on the lot, and occupied it as a family grocery, and afterwards built the store now on it, and was engaged in selling goods in it when he died; that Thomas Catton's estate was insolvent, the debts being about $3,000 more than the assets; that the intervenor was the widow of Thomas Catton, and the children are the children of Thomas and Esther Catton; that the house and lot in controversy, and the residence of Thomas Catton, and all the improvements on them, are not worth $2,000; and that was all the real estate that Thomas Catton ever owned in the town of Prairie Lea.

No brief for the appellant has been furnished to the *Reporter.*

*Chandler, Turner & Carleton*, for the appellee, cited the cases collected in Paschal's Dig., Note 198.

"The exemption would have covered the lot had the house been merely an office." (19 Tex., 373.)

This is a case directly in point. The lot in controversy was the law office of Stone, fronting on the public square, and the residence of Stone was three squares from it, and this court said the exemption is not restricted to the place where the family eat, drink, and sleep, but also a place where the head of a family may pursue such avocation as may be necessary for the support of the family.

MORRILL, C. J.—This suit was brought by Moore v. Whitis, administrator of Catton, deceased, for the fore-

closure of a mortgage, given by the deceased in his life-time upon a town lot, to secure payment of a note, also given by the deceased to said Moore. Esther Catton intervened, alleging that she was the surviving widow of the deceased; that at the time of the execution of said mortgage, and from that time to his death, said lot was a portion of the homestead, and that the same, together with the residence and all the real estate possessed by the deceased, did not exceed in value $2,000. The jury having been waived, the facts were submitted to the judge, who adjudged the same to be a part of the homestead. Appellant, Moore, assigns as error said ruling of the judge.

We conceive the case of Hancock v. Morgan, 17 Tex., 582, affirmed by the case of Pryor v. Stone, 19 Tex., 373, and Sossaman v. Powell, 21 Tex., 664, is decisive of this case, and, for the reasons lucidly and conclusively stated in these causes, the judgment of the district court is

AFFIRMED.