## A. BALDWIN ET AL *v.* D. W. TILLERY.

1. HOMESTEAD EXEMPTION.    *Storehouse and residence on same lot.    Case in judgment.*

   D. is the owner of a one-acre town lot upon which is located his dwelling-house with out-buildings; and in one corner thereof and separated from the residence by a fence is a storehouse in which his wife conducts a mercantile business. A judgment creditor of D. had his execution levied upon that part of the lot cut off from the residence and inclosed with the storehouse. The debtor claims that the property levied upon constitutes a part of his homestead. The creditor contends that it is not " occupied as a residence," within the meaning of the statute providing for the exemption of homesteads. *Held*, that the property not being of greater value than is allowed, the entire lot and appurtenances are exempt as a homestead.

2. SAME.    *Urban residence and business buildings.    Limit of value.*

   One who owns and resides upon a town lot as his homestead may erect thereon any building or buildings necessary or convenient to his residence or to the business in which he or his family may be engaged, and may hold the entire premises as a homestead exemption if the value thereof be within the limit prescribed by the statute.

APPEAL from the Chancery Court of Amite County.

HON. LAUCH MCLAURIN, Chancellor.

The case is stated in the opinion of the court.

*T. McKnight*, for the appellants.

The statute gives the debtor living in any city, town, or village as a homestead the land and building viewed and occupied as a

residence.  Code 1880, § 1249.  Land and buildings do not become impressed with the legal character of a homestead until actual residence and occupation by a family as a home.  *Campbell* v. *Adair*, 45 Miss. 170.

This is not a parallel case to that of *Acker* v. *Trueland*, 56 Miss. 30, in which certain lots or blocks, although separated from the dwelling-house and other buildings by a public street, were, nevertheless, used by the family for a garden and orchard, which are ordinary and necessary appurtenances to a home.

The storehouse and lot here in controversy are in the business portion of a town.  The building was erected, has been, and now is used for the purpose of a storehouse for the sale of general merchandise.

It is not occupied as a residence, and could be sold or removed without any effect upon the premises of appellee as a homestead, and I submit is not subject to homestead exemption, and therefore the injunction should be dissolved.

*D. C. Bramlett*, for the appellee.

The lot in question is a parcel of a one-acre lot occupied by appellee and family as a homestead.  The storehouse was used for carrying on a mercantile business by appellee or his wife for the support of the family.

The lot of land does not exceed in value two thousand dollars, and the whole of it is used as a residence and for the purpose of supporting the family, and I submit that no part of it is liable to be sold under execution.  In the case of *Acker* v. *Trueland*, 56 Miss. 30, the lots in question were separated from the residence by a public street, but were used by the family for a garden and orchard, and were deemed by the court to be a part of the homestead.  In the case at bar the storehouse is used for the purpose of making a support for the family, and the provisions used by the family are stored there.  The flour and bread used is cooked in, and hogs fed from the bakery, and penned on the lot, and it is under one general inclosure, and the decision of the court below, I insist, should be affirmed.

COOPER, J., delivered the opinion of the court.

The appellee is a householder having a family. He is the owner of a lot of land situated in a village, consisting of one acre of land. On this lot is situated his residence with the usual out-buildings, and in one corner of the lot is a storehouse thirty by forty-seven feet in dimensions, in which building his wife prosecutes the business of a merchant. A fence divides the lot on which the store is located from that of the residence. The appellants, having recovered a judgment against the appellee, levied their execution upon so much of the lot as is inclosed by the fence around the store; whereupon the appellee exhibited this bill to enjoin the sale upon the allegation that the property levied on constitutes a part of his homestead. On final hearing the Chancellor perpetuated the injunction and from that decree this appeal is prosecuted.

Our statutes upon the subject of homestead exemptions, rural and urban, are as follows:

Every citizen of this State, male or female, being a householder and having a family, shall be entitled to hold, exempt from seizure or sale under any execution or attachment, the land and buildings owned and occupied as a residence by such debtor; provided the quantity of land shall not exceed one hundred and sixty acres, nor the value thereof, inclusive of improvements, the sum of two thousand dollars. Code of 1880, § 1248; acts of 1882, page 140.

The urban homestead consists of the "land and buildings owned and occupied as a residence by such debtor, not to exceed in value two thousand dollars." Code of 1880, § 1249.

The exemption of the property in controversy is denied on the ground that it is "not occupied as a residence."

A summary of the conclusions arrived at by the courts of the various States under their respective statutes is made in Thompson on Homesteads and Exemptions, § 120. In the list of cases cited authority may be found for any view, the extremes being found in the States of Texas and Iowa.

In the former State it seems to have been held that so long as the value of the property was within the limit of the statute, and

the property was used either as a residence or as a place of business, it was exempt, although it consisted of lots in different parts of the city. *Prior* v. *Stone,* 19 Texas 371 ; *Moore* v. *Whitis,* 30 Texas 440. In *Rhodes* v. *McCormick,* 4 Iowa, the debtor had rented the cellar and first floor of his residence to a third person and occupied with his family the story above. An execution was levied on the portion rented, and it was held to be subject to sale. The result was that the creditor purchased at the sale and became owner of the cellar and first floor, while the debtor continued owner of ground beneath the house and the second floor and roof.

In *Phelps* v. *Rooney,* 9 Wis. 70, it was held that where the debtor and his family occupied the third floor of a large store and rented the lower floors to a wholesale dealer for fifteen hundred dollars per annum, the whole building was exempt, the court declining to divide his homestead by a horizontal line ; while in *Casselman* v. *Packard,* 16 Wis. 119, where the debtor had erected on his lot various other buildings than his residence, which he had rented to third persons, it was held that the lot should be divided by a perpendicular line, and that such other buildings were not exempt.

It would be unprofitable to examine the many authorities in relation to the uses to which the exempt property may be put by the tenant without affecting its character. Many of them are decisions put upon the peculiar words of the several statutes of the respective States. In this State, in addition to the homestead exemption, certain personal property is also exempted, and among other things there is allowed to the head of each family two work horses or mules, one wagon, the agricultural implements of a farmer necessary for two male laborers, together with other articles not necessary to note.

The quantity of land and the character of personalty included in these statutes unmistakably indicate that as to the rural exemptionist the intent of the legislature was to exempt from legal process not merely a residence and the usual appurtenances thereto, but also property by the use of which a support for the family of the debtor may be earned. No one whose circumstances force him

to invoke the protection of the statute could possibly need one hundred and sixty acres of land as an appendage to the homestead considered solely as a residence; the quantity exceeds any possible curtilage, and manifestly the purpose was to exempt it not as a residence only, but as affording the occupant the opportunity of prosecuting his usual occupation. , Gin-houses and mills, such as are frequently found upon rural homesteads, cannot be said to be necessary or convenient to the use of the property as a residence, but it has never been supposed that the land on which such structures are erected thereby lost its character as exempt property. We apprehend that it would not be denied that the homestead of a farmer is allowed him both as a home and a farm, nor would it be contended that the homestead of a country doctor or mechanic should be divided because the office of the one or the shop of the other was built upon the land. If, then, the rural exemptionist may erect upon his homestead any buildings necessary or convenient for the prosecution of his vocation, we are unable to see why a different result shall flow from the same act done by the owner of an urban home.

Nor do we know where the line which separates the permissible from the forbidden use of the homestead, because of the character of the building or the vocation of the occupant, should be drawn. The gin-house or mill of the farmer, the office of the physician or dentist or lawyer, the shop of the blacksmith, carpenter, or baker, the store of the merchant, milliner, or confectioner, are none of them necessary or convenient to the full enjoyment of the homestead as a residence; they are necessary, and equally so, in the prosecution of the business of the owner. Unquestionably, the legislature contemplated that the exempt personal property should be used in the prosecution of the business of the owner. It is equally clear that the rural home may also be so used. There is no indication of a different intent as to urban homes, and we must assume that if another rule was to be applied in such cases it would have been declared in the statute. From a consideration of all the statutes on the subject, we think the necessary conclusion is that so long as the value of the property is less than the limit fixed by the

statute, the debtor may erect on the premises and hold as exempt any building necessary or convenient either to the home as a residence or to the business in which he or his family is engaged.

*The decree is affirmed.*