### J. M. WAGGENER ET AL. V. H. N. HASKELL ET AL.

#### No. 401.—Decided April 9, 1896.

1. **Urban Homestead—Place of Business—**
   Calling or Business Defined.

2. **Same.**
   Lots detached from the place of residence and cultivated in grain and vegetables by the owner, whose occupation was that of a gardener, constitute his place of business, and are exempt from execution as part of the urban homestead.

3. **Same.**
   If the head of a family be a merchant, in addition to his home, his store-house is exempt; if a banker, his banking house; if a blacksmith, his shop; if a lawyer or doctor, his office; if a farmer, his farm; if a gardener, his garden, etc.—the only limitation as to quantity, in case of urban property, being one of value.

QUESTIONS CERTIFIED by Court of Civil Appeals for Fourth District, in an appeal from Dallas County.

*K. R. Craig,* for plaintiff in error.

DENMAN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fourth District have certified to us the following question and explanatory statement:

"Haskell and wife, constituting the family, owned the greater portion of a block in a city, whereon they had their dwelling, barn, horse lot, cow lot, hog pens, garden, orchard, and sorghum patch, all of which was enclosed. They had other lots in the immediate neighborhood in same city, separated, however, from their dwelling place by streets.

A creditor on May 30, 1892, recovered a judgment against Haskell and had an abstract thereof entered in the County Clerk's office of the county on August 8, 1892.

One of the detached lots he cultivated yearly, generally in corn and small grain, but in 1892 he had it cultivated in Irish potatoes. Another of the detached lots he cultivated yearly in corn and small grain, and in 1891 and 1892 it was planted principally in wheat.

The above is the testimony respecting the use of two of the detached lots, and it was testified to by Haskell that these crops were raised for home consumption.

QUESTION.—Was the use of said lots, or either of them, under the facts above given, such use as would make them exempt under the provision of our present Constitution requiring the use to be for the purposes of a home?"

The Constitutions of 1845, 1861, 1866 and 1869, declared that "The homestead of a family" not to exceed certain acreage in the country and certain valuation in a city or town should be exempt from forced sale. They did not, however, undertake to define the word "homestead," and therefore it devolved upon the courts to determine its meaning, as there used, in attempting to ascertain whether a given piece of property was or was not included in the exemption.

In Pryor v. Stone, 19 Texas, 371, this court in an opinion delivered by Hemphill, Ch. J., in 1857, said: "All that, by fair construction of the language, is required to entitle the property to exemption is that the property should be used for the convenience or uses of the head or members of the family. The exemption should not be construed as reserving merely a residence where a family may eat, drink and sleep, but also a place where the head or members may pursue such business or avocation as may be necessary for the support and comfort of the family;" and held that the office of a lawyer was exempt. It will be observed that this construction did not confine the exemption to property used for the purposes of a home, but included in addition thereto "also a place where the head or members may pursue such business or avocation as may be necessary for the support and comfort of the family." This liberal construction seems to have obtained until 1875, when this court, in Iken and Co. v. Olenick, 42 Texas, 195, in an opinion delivered by Justice Moore, restricted the same so as to include within the exemption only the "mansion-house" and "the land which, from its use, as well as its contiguity, it is to be supposed was intended to be exempted from the de-

mands of creditors, as part and parcel of the land connected with and necessary for the use and enjoyment of the mansion-house," and held that a house in which the head of a family carried on his business as a merchant was not exempt. This construction of the word "homestead" confined the exemption to such lands as were in fact used for the purposes of a home; that is, to the mansion-house and lands used in connection therewith for ordinary home purposes, such as yards, lots, gardens, etc., and excluded land not so used, though it were the "place where the head or members may pursue such business or avocation as may be necessary for the support and comfort of the family."

When it thus became apparent that the homestead exemption was subject to enlargement or restriction by judicial construction, the Constitution of 1876, for the first time, embodied in the organic law a definition of the word "homestead," as follows: "The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value $5000, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of a family; provided, also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired."

It will be observed that the first proviso includes (1) land "used for the purposes of a home," as indicated in the opinion of Justice Moore, and (2) land used "as a place to exercise the calling or business of the head of a family," as contended by Ch. J. Hemphill.

Therefore, if the land be "used for the purposes of a home," it is exempt, and if not so used it is still exempt if it be used "as a place to exercise the calling or business of the head of the family." "Calling" is defined to be "usual occupation, profession, or employment; vocation;" and "business" is defined to be "that which busies or occupies one's time, attention and labor as his chief concern; that which one does for a livelihood; occupation; employment; as: his business was that of a merchant; to carry on the business of agriculture." (Century Dictionary.)

Therefore, if the head of a family be a merchant, in addition to his home, his store house is exempt; if a banker, his banking house; if a blacksmith, his shop; if a lawyer or doctor, his office; if a farmer, his farm; if a gardener, his garden, etc., the only limitation as to quantity, in case of urban property, being one of value.

Understanding the certificate to be based upon a finding, not clearly stated, that Haskell was a farmer or gardener and that the lots were the place where he exercised such calling or business, we answer that they were exempt, though not used "for the purposes of a home."