**Robert D. McKEE, Appellant,**

v.

**Wanda Lee SMITH; Don A. Smith; and Don A. Smith, Ph.D., Inc., Appellees.**

**No. 2–97–076–CV.**

Court of Appeals of Texas, Fort Worth.

March 5, 1998.

Rehearing Overruled April 9, 1998.

Sawko & Burroughs, L.L.P., Gregory Sawko, Denton, for Appellant.

Philips and Hopkins, P.C., Robert N. Eames, Denton, for Appellee.

Wanda Lee Smith, Denton, pro se.

Before DAY, DAUPHINOT and HOLMAN, JJ.

**OPINION**

DAUPHINOT, Justice.

Appellant Robert McKee attempted to force the sale of a piece of real property owned by Appellee Wanda Smith to satisfy a judgment against her. Wanda leases the property to Don A. Smith, Ph.D., Inc., a corporation wholly owned by Wanda's husband Don. The corporation is the family's only means of support and the property its only place of business.

Appellees claimed that the property was protected by the business homestead exemption. The trial court agreed and enjoined the forced sale. In his sole point, McKee contends that real estate leased to a corporation is not protected by the business homestead exemption.

The Texas Constitution has since 1876 exempted from forced sale debtors' real property used as their family's primary place of business.[1] The property code also provides for this business homestead exemption.[2] It

---

1. *See Waggener v. Haskell*, 89 Tex. 435, 35 S.W. 1, 1–2 (1896) (citing TEX. CONST. art. XVI, § 51).

2. TEX. PROP.CODE ANN §§ 41.001–.002 (Vernon Supp.1998).

is well-settled that real property titled to a corporation which is wholly owned by a family member is not protected by a business homestead exemption.[3] However, Texas state court case law is silent as to whether the business homestead exemption applies to real property titled to a family member but leased to a corporation wholly owned by a family member. The Fifth Circuit Court of Appeals, applying Texas law, found that the exemption would apply.[4]

The business homestead exemption was designed to protect property titled to a family member at which family "members may pursue such business or avocation as may be necessary for the support and comfort of the family."[5] The Texas Supreme Court directs us to construe the business homestead exemption liberally toward these ends.[6] Consequently, we follow the Fifth Circuit in finding that the business homestead exemption applies to real property titled to a family member but leased to a corporation wholly owned by a family member. We overrule McKee's sole point and affirm the trial court's judgment.

3. *See Nash v. Conatser*, 410 S.W.2d 512, 521–22 (Tex.Civ.App.—Dallas 1966, no writ); *Nowlin v. Wm. Cameron & Co.*, 54 S.W.2d 1035, 1035–36 (Tex.Civ.App.—Fort Worth 1932, writ ref'd).

4. *See In re John Taylor Co.*, 935 F.2d 75, 76–77 (5 th Cir.1991).

5. *C.D. Shamburger Lumber Co. v. Delavan*, 106 S.W.2d 351, 355 (Tex.Civ.App.—Amarillo 1937, writ ref'd) (quoting *Pryor v. Stone*, 19 Tex. 371, 373 (1857)).

6. *See Cocke v. Conquest*, 120 Tex. 43, 35 S.W.2d 673, 678 (1931); *Woods v. Alvarado State Bank*, 118 Tex. 586, 19 S.W.2d 35, 35 (1929).