## MANIZA GROVES v. PRESLEY GROVES ET AL.

1. CHANCERY PRACTICE.   *Deposition.   Commissioner.   Disqualification.*
   A deposition should be suppressed, if taken by a commissioner who is the uncle of the party on whose behalf the witness is examined.
2. STATUTE OF LIMITATIONS.   *Trust.   Beneficiary in remainder.*
   The Statute of Limitations does not begin to run against a *cestui que trust* in remainder until the termination of the particular estate.

ERROR to the Chancery Court of Leake County.
Hon. T. B. GRAHAM, Chancellor.
*O. A. Luckett, Jr.*, for the plaintiff in error.

1. The defendants in error are barred by the Statute of Limitations, Code 1857, p. 403, art. 31 ; Code 1871, § 2175.   Ten years have elapsed since the beneficiaries became of age.   Continuing express trusts form the only class excepted from the operation of the statute.   *Murdock* v. *Hughes*, 7 S. & M. 219 ; *Edwards* v. *Ingraham*, 31 Miss. 272.   This is not a trust of that character.   The statute began to run on the death of the *feme covert*, notwithstanding the husband's life-estate.

2. The deposition should have been suppressed, because taken by a near kinsman of the defendants in error.   Depositions are governed and regulated by the statute, and the party taking them must show that they conform to the statute. *Smith* v. *Natchez Steamboat Co.*, 1 How. 479 ; *Saunders* v. *Erwin*, 2 How. 732 ; *Martin* v. *King*, 3 How. 125 ; *Rupert* v. *Grant*, 6 S. & M. 433 ; *Hemphill* v. *McBride*, 12 S. & M. 620.

*J. D. Eads*, on the same side.

By virtue of Code 1857, p. 336, art. 24, the married woman at any time after the execution of the deed could have maintained her bill in equity to have the fee vested in herself. If, because of coverture, the statute did not run, it began when she died, for then the defendants in error, who were adults, could have filed a bill to enforce the trust. Her husband held the fee-simple as trustee, and until that was divested he could not have an estate by the courtesy. The two estates cannot co-exist, and the latter is merged in the former. If in *Murdock* v. *Hughes*, 7 S. & M. 219, the bill of sale had been to the mother for life, remainder in fee to the children, the plea of the Statute of Limitations would not have been maintained. The question is purely one of statutory law. The trust which arises under Code 1871, § 1779, is an implied trust, and is covered by §§ 2148, 2174, 2175, which embrace every trust known to the law except express trusts.

*J. W. Jenkins*, on the same side.

The wife had the right, on the conveyance of the land to her husband, to bring suit to divest the legal title. If he had died, the statute would have begun to run, because his death would have removed the coverture. But she died first, which had the same effect. Could the defendants in error have sued the father? Manifestly yes ; and for their failure they are barred. The fact that he held possession by the courtesy does not affect the question, for they had the right to divest him of the legal title, without touching his beneficial life interest in the use of the land. The statute in force at the time this suit was brought is a transcript of the Code of 1857. Code 1871, §§ 2147, 2148. The fact that this is a trust estate makes no difference. *Murdock* v. *Hughes*, 7 S. & M. 219 ; *Livermore* v. *Johnson*, 27 Miss. 284 ; *Prewett* v. *Buckingham*, 28 Miss. 92 ; *Edwards* v. *Ingraham*, 31 Miss. 272. While the Statute of Limitations does not run against a married woman who was such at the time the right of action accrued, yet it begins to run against her assignee from the date of the conveyance. *Drennen* v. *Walker*, 21 Ark. 539. So, also, where a person having an interest in real estate is under a disability during her lifetime by reason of coverture, her heirs must bring their suit within the period of limitation, after her death. *Carpenter* v. *Schermerhorn*, 2 Barb.

Ch. 314. The disability which prevents the running of the statute extends only to the person on whom the first right descends. Angell on Lim. § 477.

*John Handy*, for the defendants in error.

1. The fact that the commissioner was related by blood to the complainants did not make him "interested." The statute directs that the commissioner shall be "disinterested." This means that he must have no personal interest in the cause, or in the result of it. This is the test, and the fact of relationship by blood did not disqualify a person as a witness at common law. The commissioner is not shown to be an untrustworthy man, and was competent. Enough evidence remains, however, after excluding the objectionable deposition, to make out the complainants' case.

2. The Statute of Limitations against the claim of the defendants in error did not begin to run until their right to the possession of the land accrued by the death of their father. 2 Perry on Trusts, § 860; *Murdock* v. *Hughes*, 7 S. & M. 219. Prior to his death, the most that they could have done was to file a bill in the nature of a bill *quia timet*, to have the trust declared as a matter of preventive justice, so that their rights, as heirs of their mother, might not be defeated by the intervention of creditors without notice of the trust, who are protected by the proviso to the statute. This was done in *Taylor* v. *Smith*, 54 Miss. 50. This sort of proceeding the heirs may initiate, but they are not required by law to do it; and, when instituted, it is not so much a proceeding against the trustee as a matter of protection against the claims of creditors, which, by possibility, might arise to defeat the rights of the remainder-men.

CHALMERS, J., delivered the opinion of the court.

John and Presley Groves filed their bill against their father's widow, their stepmother, for the purpose of setting up for themselves a resulting trust in the family homestead, on the ground that it had been bought with the money of their mother (the first wife), and the deed taken by their father in his own name. One of their most important depositions should have been suppressed. The commissioner who took it

was their uncle. A commissioner "must bear such relation to the parties as will secure his impartiality in the execution of the commission. He, in other words, should not directly or indirectly bear to either party such a relation as would authorize a presumption of a bias in the execution of the trust in favor of or against either party." *Tillinghast* v. *Walton*, 5 Ga. 335, 337; *Bean* v. *Quimby*, 5 N. H. 94; *Bryant* v. *Ingraham*, 16 Ala. 116. But, excluding the deposition taken by this commissioner, there remains sufficient competent evidence to establish the trust.

It is insisted, however, that the trust is barred by § 2175 of the Code, because, although only a short time intervened between the death of the father and the filing of this bill by the complainants, more than ten years had elapsed since the death of their mother, and, as they were of age at the time of her death, and could at once have instituted this proceeding, they are now barred by the statute referred to. The answer to this is, that the father, during his life, held the land as tenant by the curtesy, and though, under such circumstances, the *cestui que trust* in remainder may file his bill *quia timet* during the continuance of the life-estate, as was held in *Taylor* v. *Smith*, 54 Miss. 50, he is not bound to do so. A *cestui que trust* will not be deprived of his right to relief by any length of acquiescence, unless he has an immediate possessory title to the beneficial interest. For instance, when a person was entitled to the trust of a beneficial lease in remainder, after the determination of a previous life-estate, it was held that the statute did not begin to run until the death of the life-tenant. Hill on Trustees, 266; *Bennet* v. *Colley*, 5 Sim. 181. "The rights of the *cestui que trust* cannot be barred until his rights fall into possession. If, therefore, the *cestui que trust* holds in remainder or reversion, the statute will not begin to run until his right to the possession falls in by the determination of the particular estate." 2 Perry on Trusts, § 860.

*Decree affirmed.*