GREENWOOD LIGON v. ALICE FOSTER.

TRUSTEE.  *Under will.  Removal of.  Appointment of cestui que trust.  Purpose of testator.*

   M. died, leaving property to L. in trust for the benefit of his daughter A. and her children.  The purpose of the testator, as clearly expressed in his will, was to prevent A. from having the control and direction of the property, and that the trustee should protect the interests of the children.  A. filed a bill in chancery for the purpose of having L. removed as trustee and herself appointed to execute such trust.  L. answered, expressing his wish to be relieved of the trust.  And the Chancellor removed him and appointed A. in his place.  *Held,* that if it was proper to relieve L. of the trust, some third person should have been appointed to execute the trust under the directions of the court and in pursuance of the will, and not A., against whose management the testator wished to guard.

APPEAL from the Chancery Court of Chickasaw County.

   HON. BAXTER McFARLAND, Chancellor.

   Simon Myers died in 1878, leaving a will, the fourth clause of which is as follows :

   " It is my will, desire, and direction that all of my estate * * * after paying my just debts, funeral expenses, and expenses of erecting a proper tomb at my grave, shall be equally divided among my several children, namely, Alice Foster, wife of H. P. Foster; Zelda L. Bean, wife of G. W. Bean ; Lula Ligon, wife of Greenwood Ligon ; Kate Myers, and Lizzie Myers, to be appropriated and applied to the use and benefit of each of them, under the limitations and restrictions, and in the manner hereinafter specified and provided for : that is to say, It is my will, desire, and I hereby so ordain and direct, that H. P. Foster, husband of my daughter, Alice Foster, shall have no interest in, management of, or control over any of the money, property, or effects which I have herein willed and bequeathed to the use and benefit of his said wife, Alice Foster, nor shall my said daughter, Alice Foster, have the right to sell, convey, or otherwise to dispose of any of the property or effects herein willed to her use except such as is necessarily consumed in the proper use thereof.  And in order to secure to the proper use and benefit of my said daughter, Alice Foster, during her natural life, and after her

death to the use and benefit of her children, heirs of her body, I do hereby and herein appoint and constitute my son-in-law, Greenwood Ligon, executor of my last will and testament, and trustee of my said daughter during her lifetime, and for her said several children after her death, to whom as trustee the whole of the property * * * intended to be appropriated and applied to the use and benefit of my said daughter, Alice Foster, and her said children after her death, is herein and hereby bequeathed in trust for the use and benefit of my said daughter, Alice, and her children as aforesaid; and it is my will and intention, and I do herein direct, that the said Greenwood Ligon, as trustee for the use and benefit aforesaid for and during her life, shall have and exercise full and complete control of the whole of said trust estate, and shall direct, control, appropriate, and apply the said trust property and estate to the use and benefit of my said daughter, Alice Foster, as long as she shall live, and after her death in like manner to the use and benefit of all the children born of her body, in equal amounts or proportions, it being my intention, will, and desire hereby to vest in the said trustee the legal and equitable title to all the said property and estate for the purpose of fulfilling the said trust."

Alice Foster filed a bill in the chancery court asking that Ligon be removed as trustee for her interest and that of her children, and that a new trustee be appointed. Ligon answered, and stated his willingness and readiness to surrender his trusteeship, and asked that his discharge might be full and final.

The court ordered a final settlement of Ligon's trusteeship, and in addition decreed as follows : "And it appearing to the satisfaction of the court that the said Greenwood Ligon should be relieved as trustee for the said Alice Foster, it is further ordered, adjudged, and decreed that the title to the share or interest of Alice Foster and her children be, and the same is hereby, invested in her, the said Alice Foster, as a trustee for the use of herself and her children, as contemplated by the will of Simon Myers, deceased." The defendant, Ligon, appealed.

*Houston & Reynolds,* for the appellant.

This appeal is prosecuted for the purpose of having this court

pass upon the validity of the decree so far as it removes Ligon as trustee, and substitutes Mrs. Alice Foster as trustee for herself and children. We do not desire that the decree should be reversed, but submit the matter to the court.

*J. R. McIntosh*, for the appellee.

By the terms of the decree the title to Mrs. Foster's share or interest is vested in her as *trustee* for the use and benefit of herself and children ; hence, it will be impossible for her to expend more than the income of the estate. She cannot dispose of the *corpus*, except by a decree of the chancery court, but she can get and have the enjoyment of the income. Hence, the spirit and purpose of the will of the testator is subserved.

COOPER, C. J., delivered the opinion of the court.

By the will of the testator that portion of his estate devised to the use of his daughter for life with remainder to her children was vested in Ligon, his executor, as trustee for the uses declared in the will. The manifest purpose of the testator was that Mrs. Foster should not have the management and control of the property, except so much as should be consumed by its use, but that the remainder to the children should be protected by the trustee. The action of the court in discharging the trustee and committing the estate to Mrs. Foster is a departure from the scheme provided by the testator, and subjects the property to the very danger from which he attempted to protect it. If the trustee desires to surrender the trust and discharge himself from the obligation of trustee, the estate should be committed to some one other than Mrs. Foster, and the trust administered under the direction of the court in pursuance of the wishes of the testator.

*The decree is reversed and cause remanded.*