## BRIDGET COLBERT *v.* J. L. HENLEY.

1. CHANCERY PRACTICE. *Averments of bill. Effect of failure to deny specifically. Section 1892, Code of 1880, applied.*

H., a judgment-creditor of C., caused an execution to be levied on a part of a town lot, separated by a fence from the main part. C. filed a bill to enjoin the sale under the execution on the ground that the whole of the lot was not worth more than seventeen hundred dollars, and that it was owned and occupied by complainant as a homestead. H. traversed the allegations of the bill generally, but failed to deny specifically the allegation as to the value of the lot, and contended that the part of the lot levied on was cut off from and not a part of the homestead occupied by C. Evidence was adduced by H. to show that the value of the entire lot was more than two thousand dollars. *Held,* that such evidence was irrelevant under ᵗ 1892, Code of 1880, which provides that "all facts averred in the bill, and not denied by the answer otherwise than by the general traverse, may be taken as admitted."

2. SAME. *Homestead exemption. Levy on dissevered lot. Value of whole.*

But even if the defendant's answer in the case above stated were amended so as to make the evidence referred to competent and it were made a cross-bill, he would not be entitled to any relief based upon such evidence, because his levy was not upon the entire lot with the view of subjecting the excess of its value over two thousand dollars (the amount of a homestead exemption), but upon a part of the lot as severed from the homestead.

3. HOMESTEAD EXEMPTION. *Two houses on same lot. Right of judgment-creditor to subject.* ·

A part of a town lot on which is a house, occupied as a residence at certain seasons of the year, and separated by a fence only from the main part of the lot, on which is situated a house, occupied usually as a homestead, cannot be subjected to an execution against· the owner and occupant thereof unless it be shown that the whole is worth more than two thousand dollars, the amount of a homestead exemption. *Baldwin* v. *Tillery,* 62 Miss. 378, cited.

APPEAL from the Chancery Court of Harrison County.

HON. SYLVANUS EVANS, Chancellor.

The case is stated in the opinion of the court.

*J. R. Davis* and *Calhoon & Green,* for the appellant.

We would refer the court to *Baldwin* v. *Tillery,* 62 Miss. 378. The opinion in this case is decisive of the one at bar. There the debtor had a storehouse in one corner of his residence lot, and cut off from it by a fence.

At most, the court below could only have ordered a sale of the whole property, to be good only for any excess it might bring at the sale over two thousand dollars. It is plain, however, in this case, that the Chancellor really could not do this, for the reason that Henley did not levy on the whole property, but only on a part of it, and the question of the value of the homestead could not properly be discussed in this controversy.

Suffice it to say, it is a part of the homestead, and the only way that a creditor could reach it would be by proceedings of allotment by the sheriff, or by himself seeking the aid of a court of equity to have the whole of it sold on the allegation that it was worth more than two thousand dollars. But it seems to us that, if this be not true, the decree below must be reversed and the injunction made perpetual in this particular litigation, unless the creditor avers that the whole property is worth over two thousand dollars, and seeks to subject the excess to the satisfaction of his judgment. It will be time enough then to argue this issue. We submit, on all the grounds made, that a reversal in this case must follow as a matter of course. All the proof shows that the remaining part of the homestead, after carving out the part levied on, is not worth two thousand dollars. It follows, therefore, that, if the part carved out shall be sold, appellant will not have what the law allows her as a homestead, which demonstrates that no sale of the part can be decreed, but, if the whole is in fact worth over two thousand dollars, the creditor is driven to allotment, or to application to a court of equity to decree a sale of the whole in order that he may enjoy the excess over two thousand dollars.

*S. S. Calhoon*, of counsel for the appellant, argued the case orally.

*Calvit Roberts* and *R. Seal*, for the appellee.

The Code of 1880, § 1249, provides that every person being a householder, and having a family, residing in any city, town, or village, shall be entitled to hold, exempt from seizure or sale under any execution or attachment, the land and buildings owned and occupied as a residence. Complainant resided in the town of Biloxi. She could only claim one residence, and no more; she could not reside on two places at the same time under the statute.

Then she is confined to her residence where she lives or occupies as a home.

For a month or more some years Mrs. Colbert rented out her homestead, and during this time she temporarily lived in the house on the lot levied on, with the fixed purpose of returning to her residence.

The two lots were divided by a fence until this bill was filed, when this fence was taken down. There was a purpose in this to defeat the execution and prevent the sale of the property levied on. The property levied on was not a building necessary or convenient, either to the house as a residence or to the business in which she or her family was engaged. I have no doubt but it would be very convenient for her to have several houses to rent if the statute of exemptions would allow it.

Aside from this view of the case, the testimony made it clear that both houses and lots were worth more than two thousand dollars.

The Chancellor very properly dismissed this bill.

COOPER, C. J., delivered the opinion of the court.

The appellant is the owner of a lot in the town of Biloxi, upon which are situated two houses. In one of these she usually resides with her family, but at other times, when summer visitors resort to the town, she rents out her residence and sojourns temporarily with her family in the other. There is, or was until a few days after the levy of the execution of plaintiff upon a part of the lot, a fence dividing the lot into two. Appellant is the head of a household, and the lot is claimed by her as her homestead exemption. The appellee, having recovered a judgment against her, caused an execution issuing thereunder to be levied on so much of the premises as was cut off by the fence from the lot on which the residence proper is located, and thereupon the appellant exhibited this bill to enjoin the sale upon the ground that it would cast a cloud upon her title. On final hearing the bill was dismissed, and from this decree the complainant appeals.

Much proof was taken in the case to show that the entire lot

exceeded in value the sum of two thousand dollars, but all such testimony was wholly irrelevant and cannot be considered. By her bill the complainant expressly charges that the value of the entire property does not exceed the sum of seventeen hundred dollars, and there is not one word in the answer specifically denying this averment. There is a general traverse of all the allegations of the bill, but by § 1892 of the code it is declared that " facts averred in the bill, and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted."

In view of the fact that the parties have directed their attention to this branch of the case, and that no objection was taken in the court below to the introduction of this evidence, we should be disinclined to hold the appellee bound by the answer in its present form, but would remand the cause that an amendment might be made were it not for the further fact that under the levy as made it would be impossible to afford relief, even if the answer were amended and converted into a cross-bill. The appellee has not caused his execution to be levied upon the whole of the land, because its value exceeds the value of the exemption allowed by law. His effort is to subject a certain portion of the lot to his judgment, irrespective of the value of the whole, because it was separated by a fence from the remainder, and, as he contends, was thereby dissevered from the homestead. It is manifest that in this condition of affairs he must subject the property upon this ground or fail of all relief.

The case in the only phase in which it can be considered is fully covered by the recent case of *Baldwin* v. *Tillery,* 62 Miss. 378.

*The decree is reversed, the injunction reinstated, and a decree directed to be entered here making it perpetual.*