RICHARD WEST ET AL. v. C. H. ROBERTSON ET AL.

1. CHANCERY COURT.   *Conversion of trust fund.   Infant beneficiaries.*
   Where a will gives land and money to a mother for life, with remainder to
   her minor children, and she petitions the chancery court, and obtains a
   decree for the investment of the money in other land, taking the title in
   the same way, without testimony showing any sufficient reason for de-
   feating the testamentary scheme, the decree is erroneous, and will be
   reversed as to the children.

2. SAME.   *Code 1880, § 2112, not applicable.*
   Such a decree is not saved by § 2112, code 1880, under which a guardian
   may be authorized to sell property of his ward and invest the proceeds
   as the court may direct.

FROM the chancery court of De Soto county.

HON. J. G. HALL, Chancellor.

J. C. N. Robertson, the owner of a large estate, real and personal,
died testate, in De Soto county, Miss., in 1880. Among a large
number of devises and bequests to his numerous children and grand-
children, the testator gave to his granddaughter, Margaret West,
and her six minor children, one hundred and seventy acres of land
in said county, and about $3200 in money. As to this, the will
provided as follows : "All devises and bequests herein to or for
my granddaughter, Margaret West, are vested in my son Charles
Henry in trust for my said granddaughter, she to have the full net
income of same during her life, and at her death all such devises
and bequests shall vest in her children, to be theirs absolutely."

On the 9th day of October, 1883, said Margaret West filed the
bill in this case in the chancery court of De Soto county, making
the said C. H. Robertson, trustee, and her said minor children de-
fendants. The bill alleged that complainant was in possession of
the land devised to her, receiving the income ; that there was no
residence, orchard, or outbuilding on said land, and only inferior
houses for laborers ; that the money bequeathed to her was in the
hands of said C. H. Robertson, who was executor of his father's
will ; that in her opinion the best use that could be made of said
money for the benefit of all parties would be to invest the same in

a suitable residence and other improvements, as a home for herself and children, or to purchase another place already improved for that purpose, and the latter was considered preferable, as being cheaper ; that to so invest said fund, taking the title in the name of complainant for life, with remainder to her children, would fully secure the object of the testator.   The prayer was that the said trust fund should be invested in accordance with the allegations of the will.   The bill was sworn to by complainant.   Process was served, and a decree *pro confesso* was taken against the defendant, C. H. Robertson.

A. S. Buchanan was appointed guardian *ad litem* for the minor defendants, and on the 17th day of October, 1883, filed his answer as such under oath, concurring in the allegations of the bill as to the advisability of investing the fund in the purchase of a home.

On the 19th day of October, 1883, a decree was granted in accordance with the prayer of the bill, authorizing the said trustee to invest the fund in the purchase of a home for the parties.   The record does not show that any testimony was taken, but the decree recites that the cause was heard on bill, answer and "proof." Subsequently the trustee filed a report in writing, stating that under said decree he had purchased a tract of land from himself for $2000, a tract from himself and one Coffey, for $600, and a tract from one Jones, for $700, the price of the three consuming the entire trust fund.   The report stated that the tract of land purchased from himself consisted of the family homestead, and had on it a large and comfortable residence, and other improvements, making it a desirable and suitable home for said parties.   It was stated therein that the grandmother of said Margaret West, then eighty-nine years old, had a life interest in this place.   Deeds from the several grantors were filed with this report.   On the 17th day of October, 1884, a decree was made confirming this report.   This decree recites that the cause came on to be heard on the "report, exhibits and proofs," but no testimony appears in the record.

On the 20th of December, 1889, after the death of one of the children, the other five, being still minors, through their said guardian *ad litem* prosecuted this appeal.   The said C. H. Robertson,

was summoned to join in the appeal. The other facts necessary to an understanding of the case are stated in the opinion of the court.

*Powel & Powel,* for appellants.

The record is silent as to when the case was set for hearing or upon what issue. True, the decree recites that the cause was heard on the pleadings and "proofs," but there was no evidence, and time to take testimony was not given. There was not even a waiver of the time allowed for this purpose. The guardian *ad litem* could make no admission that would bind the minor defendants. Story's Eq. Pl., § 871.

A decree cannot be rendered against infant defendants without proof. *Hargrave* v. *Martin,* 6 S. & M. 61.

*McKenzie & Wall,* for appellee, C. H. Robertson.

This appeal is prosecuted by the minors through their guardian *ad litem,* who was appointed in 1883, and the final decree was rendered in 1884. His functions then ceased. Therefore appellants are not properly before this court.

It is no objection that the trustee purchased a part of the property from himself. This was an advantageous purchase for the minors, and all the facts were reported to the court. The action of the court in confirming the investment was real and not merely perfunctory. The trustee was not debarred from purchasing from himself. It only devolved on him to show good faith, and on the court to scrutinize the transaction. 33 Miss. 215, 264.

The beneficiary may elect to treat such a purchase as valid, and this will be implied from unreasonable delay in taking steps to vacate it. 7 S. & M. 417; 33 Miss. 268. Here there was a delay of five years, during which time Margaret West, the mother of appellants, was in possession of the property.

The purchase was a good one for all parties concerned at the time it was made, and it is a good one now, and the decree should not be disturbed.

On motion to confirm reports of sales and the like, it is competent to examine witnesses orally in court. Code 1880, § 1951.

CAMPBELL, J., delivered the opinion of the court.

It was error to decree an investment of money in the hands of the trustee in which the infants had the remainder after the life estate of their mother. Passing by the question of power in the chancery court to permit such a conversion, under the circumstances of this fund, we fail to find any ground for the exercise of such power in its situation. The testator had devised land and bequeathed money in trust for the mother for life, with remainder to her children. No sufficient reason appears for defeating the testamentary scheme by converting the money, which was ultimately to go to the children, into land. It is true that the mother, who was entitled to enjoy the land and the income of the money during her life, desired the change in the investment, which was approved by the court; and it was binding on her, but the rights of the remaindermen were not concluded by the decree. Their rights were then in expectancy. Now that the life interest has expired they are entitled to call for the money secured to them by the will.

The decree complained of is not saved by § 2112 of the code, because the facts do not make it applicable.

*Reversed and remanded.*