CLARK ET AL v. FOSTER ET AL.

[70 South. 583.]

1. REMAINDER. *Action. Limitations. Running of statute. Remainder-men. Infants. Property. Sale. Power of court. Limitations of actions.*

Where land was devised by a testator in trust to his daughter for life with remainder to his minor grand-children and such land

was wrongfully sold during the minority of the remaindermen and while the life tenant was living, the statute of limitations did not run against the remaindermen before the termination of the life estate, as their right to possession did not accrue until the death of the life tenant. In such case the remaindermen may have the deed cancelled, and upon becoming entitled to possession; may recover the land, although it was sold under an erroneous order of the court; Code 1906, section 3122, fixing a two year period under which land sold by order of court may be recovered, having no application.

2. INFANT. *Property. Sale. Power of court.*
The chancery court has no inherent power to decree a sale of an infant's real estate for reinvestment. This can only be done in the way now provided by statute, to wit: a judicial sale by the regular guardian of the infant.

3. LIMITATION OF ACTIONS. *Running of statutes. Remainderman.*
Where land was devised in trust to one for life, with remainder to another and was wrongfully sold, the fact that the trustee's rights were barred by limitation will not bar the remaindermen from securing cancellation of the deed, under Code 1906, section 3123 (Code 1892, section 2761), providing that the running of the statute of limitations against the trustee shall bar the beneficiary, where the life tenant is still alive, for until her death the remaindermen have no right to possession, and the trustee's failure to sue could not bar them.

APPEAL from the chancery court of Calhoon county.
HON. D. M. KIMBOROUGH, Chancellor.
Bill by Lewis Foster and others against W. H. Clark and others. From a decree for complainants, defendants appeal.
The facts are fully stated in the opinion of the court.

*Haman & Bates* and *Flowers, Brown, Chambers & Cooper,* for appellants.

*J. E. Harrington,* for appellees.

STEVENS, J., delivered the opinion of the court.

Appellees, as complainants in the court below, presented their bill in equity to cancel certain deeds of convey-

ance to one hundred and sixty acres of land in Calhoun county, claimed by and in the possession of appellants, the defendants in the court below. The lands originally belonged to one Simon Myers, who died testate, and who, by the terms of his will, directed an equal division of his estate among his several children. The will directed, however, that the interest of his married daughter, Alice Foster, should not be turned over to, managed, or controlled by, his said daughter or her husband, H. P. Foster, but that her portion of the estate, under the terms of the will, was to be managed and controlled by Greenwood Ligon, a son-in-law of the testator, with direction that said trustee apply the trust property to the use and benefit of Alice Foster so long as she should live and, after her death, to the use and benefit of all her children in equal amount and proportion. The provisions of the will in this regard are as follows:

"I do hereby appoint and constitute my son-in-law, Greenwood Ligon, executor of my last will and testament, trustee of my said daughter, Alice Foster, during her natural life, and for her children after her death, to whom as such trustee, the whole of the said property and estate, real, personal and mixed herein intended to be appropriated and applied to the use and benefit of my said daughter, Alice Foster, and her children after her death, is hereby and herein bequeathed in trust for the benefit of my said daughter, Alice Foster, and her children as aforesaid, and it is my will and intention and I hereby direct that the said Greenwood Ligon shall have and exercise full and complete control of the whole of said trust estate, and shall direct, control, appropriate, and apply the said trust property and estate to the use and benefit of my said daughter, Alice Foster, as long as she shall live, and after her death in like manner to the use and benefit of all of her children, born of her body, in equal amount and proportion, it being my intention, will and desire hereby to vest in said trustee, the legal and

---

---

equitable title to all of said property and estate for the purpose of fulfilling said trust.''

Greenwood Ligon was also appointed executor, and accepted the trust reposed in him, executed the will under the directions of the court, presented his final account, and was discharged as executor. He also, accepted the trust committed to him as trustee for and on behalf of Alice Foster and her children for a considerable length of time. Thereafter a petition was filed in the chancery court of Chickasaw county, where the will was probated and the estate administered upon, asking the court to remove Greenwood Ligon as trustee and to turn over the trust property to Alice Foster and her husband. Greenwood Ligon thereupon resigned his office of trustee. The court accepted his resignation, and turned over the trust property to Alice Foster as prayed for. The supreme court on appeal reversed the decree of the chancellor, and directed the lower court to appoint another trustee in the place and stead of Greenwood Ligon, and to have the trust further administered by a trustee appointed by the court. The Chancery court then appointed George S. Foster trustee, who qualified and served as such until his death in 1896. See reported case of *Ligon* v. *Foster,* 63 Miss. 241. It appears that the lands here in controversy were, by partition proceedings, set aside and allotted to Alice Foster and her children as a portion of the estate of Simon Myers, deceased, and in 1887, on petition of Alice Foster and her husband, Pope Foster, the chancery court undertook to authorize and empower George S. Foster, trustee, to sell these lands, either at public or private sale, for the purpose of reinvesting the proceeds ''in other and more productive lands.'' It appears from this decree, dated May 25, 1887, that H. B. Lacy acted as guardian *ad litem* of the children of Pope and Alice Foster. In pursuance of this decree George S. Foster, trustee, undertook, on September 4, 1888, to convey the land in controversy by private sale to one J. T. Bennett. The deed recites a cash consideration of

two hundred dollars, but the proof shows that the only consideration received was an old wagon and some live stock, which was turned over to Alice Foster and her husband and used by them on their little farm. The sale by the trustee was never reported to, nor confirmed by the court, and of course no proceeds of the sale were ever reinvested in other or more productive lands. The children of Alice Foster received no benefit from this sale whatever. On April 4, 1898, the purchaser, Bennett, who had taken possession of the land, sold and conveyed eighty acres to W. H. Clark, and to his wife, L. F. Clark, the remaining eighty acres. W. H. and L. F. Clark were the defendants in the court below and appellants here. D. C. Cooner, the other appellant, holds a deed of trust, executed by the Clarks, on the land in question. The bill in this case was filed September 3, 1912, about twenty-four years after the entry of Bennett; but at the time of the filing of this bill Alice Foster, the life tenant was still living. The defendants, by their answer, invoked the several statutes of limitation; that is, the ten-year statute of limitation conferring title by adverse possession. Section 3123, Code of 1906 (section 2761, Code of 1892); section 3122, Code of 1906 (section 2760, Code of 1892); and sections 3090, 3091, Code of 1906 (sections 2730, 2731, Code of 1892). The chancellor granted the relief prayed for, and cancelled the deed of conveyance from George S. Foster, trustee, to Bennett, and the deed from Bennett to appellants, as a cloud upon the remainder of appellees; and from this decree appellants prosecute this appeal.

The complainants sue as children of Alice Foster, and were infants at the time the court undertook to empower George S. Foster, trustee, to convey the entire fee. At the time of the filing of this suit they had not come into the possession of their estate; the life tenant or beneficiary being alive. It is practically conceded by counsel for appellants that the deed from George S. Foster, trustee, to Bennett did not convey a good title; but the contention is earnestly made that this deed furnished suffi-

cient color of title under which Bennett and his grantees,
appellants here, entered into possession of the prop-
erty in good faith, erected valuable improvements, and
used the property fully and completely as their home-
stead. It is contended, therefore, that appellants have
a good title to the entire fee by adverse possession. It
is further contended that appellees are concluded by the
several statutes of limitations mentioned. In our judg-
ment none of the statutes of limitation can be pleaded
against the appellees in this case. By the terms of the
will of Simon Myers they are given the beneficial interest
in the remainder after the termination of the life estate.
The fact that the will provides for a trustee to manage
and control the property does not alter the case. Wheth-
er the remainder is owned by appellees in fee or is held
by trustee for their use and benefit, they cannot come in-
to the use and enjoyment of their estate until the termina-
tion of the life interest.

"A *cestui que trust* will not be deprived of his right
to relief by any length of acquiescence, unless he has an
immediate possessory title to the beneficial interest. For
instance, when a person was entitled to the trust of a
beneficial lease in remainder, after the determination of
a previous life estate, it was held that the statute did
not begin to run until the death of the life tenant. Hill
on Trustees, 266; *Bennet* v. *Colley,* 5 Sim. 181. 'The
rights of the *cestui que trust* cannot be barred until his
rights fall into possession. If, therefore, the *cestui que
trust* holds in remainder or reversion, the statute will
not begin to run until his right to the possession falls
in by the determination of the particular estate.' 2 Per-
ry on Trusts, sec. 860." *Groves* v. *Groves,* 57 Miss. 658.

That the two-year statute within which an action must
be brought to recover property sold by order of the chan-
cery court, now appearing as section 3122, Code of 1906,
cannot be invoked in this case is settled by the case of
*Jordan* v. *Bobbitt et al,* 91 Miss. 1, 45 So. 311. This stat-
ute does not begin to run until the death of the life tenant.

It will be remembered, in this connection, also, that George S. Foster, trustee, received no cash consideration, but simply undertook to barter the land for an old wagon and some stock. The proceeds were in no wise reinvested in other lands.

The decree of the court authorizing Foster, trustee, to sell the fee was clearly erroneous. *Hoskins* v. *Ames,* 78 Miss. 986, 29 So. 828. In this case the remaindermen in an action of ejectment were held not to be concluded by decree of the chancery court, appointing commissioners to sell the entire estate for the purpose of reinvesting the proceeds; and the court, by Terrell, J., observes in a positive and profound fashion that the chancery court has no inherent power to decree a sale of an infant's real estate for reinvestment. This can only be done in the way now provided by statute, to wit, a judicial sale by the regular guardian of the infant. The purported sale by the trustee to Mr. Bennett was never reported to nor confirmed by the court, and was in fact not a judicial sale at all. Under the very terms of the decree, directing the trustee to sell, Mr. Foster would have no right to barter the land for personal property. The whole proceeding amounted to a fraud on the rights of the infants, who received no benefit either before or after they became of age and who, therefore, could in no wise be now estopped by the void proceedings.

None of the ten-year statutes of limitation invoked could begin to run until after the termination of the life tenant. It is contended that the statute operated against George S. Foster, trustee, and that by the provisions of section 3123, Code of 1906, and the same statute in the Code of 1892, the beneficiaries are barred. It is a sufficient answer to say that appellees, as owners of the equitable estate after the death of Alice Foster, have not yet come into possession or enjoyment of their equity. Whatever their estate may be called, they cannot use it or have it appropriated to their use until the death of the life tenant. George S. Foster never, in fact, became

an active trustee of the property for their benefit. He could not manage, control, or handle the property for appellees until after he finished acting as trustee for Alice Foster. Aside from the fact that the trustee died within ten years from the date of execution of his deed, this statute cannot be invoked against appellees. In this case it in no event could begin to run until the death of Alice Foster. The question of whether Alice Foster is bound by the deed of her trustee does not present itself in this case. However binding the title of appellants may be on the life tenant, the rights of appellees are still in expectancy; *West* v. *Robertson,* 67 Miss. 213, 7 So. 224.

The right of appellees to maintain this suit at this time was not challenged by the pleadings, and is in no wise presented to us for decision.

*Affirmed.*