REYNOLDS ET AL. *v.* WILKINSON ET AL.

[81 South. 278, Division A. No. 20531.]

1. APPEAL AND ERROR. *Remedy to correct transcript of record. Certiorari.*

A writ of *certiorari* to the clerk of the court below to send up an alleged missing part of the record, is the proper procedure for enabling the supreme court to determine whether the clerk has omitted from the transcript of the record a necessary part thereof, which is on file in the clerk's office, and upon the

clerk's reply to such writ without compliance with the order, the court may determine whether the certified transcript is defective.

2. APPEAL AND ERROR. *Review. Assignment relating to evidence. Necessity of transcript of evidence.*

In the absence of a transcript of the evidence, the supreme court cannot, on the submission of a cause for trial on its merits, consider any assignment of error, the determination of which will require an examination of the evidence on which the judgment appealed from was rendered in the court below.

ON THE MERITS.

3. APPEAL AND ERROR. *Review of decree. Absence of proof from the record. Effect.*

Where a cause was tried in the court below on bill, answer and proof, but the evidence introduced was not preserved, the decree of the court below must be affirmed if it can be supported by any evidence which could have been introduced under the pleadings.

4. PLEADING. *Admissions by failure to deny. Sale for taxes. Validity. Date of sale. Statute.*

Where a bill seeking partition of lands alleged and the answer did not deny, that the sale to defendants for taxes was made on the wrong day and that the list of lands struck off to the state was not filed as the law directs, the court should have held that the sale was void under Code 1871, section 1698, now Code 1906, section 2933 (Hemingway's Code, section 5268) since under Code 1906, section 584 (Hemingway's Code, section 344), the allegations of the bill where not denied must be accepted as true without reference to the evidence.

5. REMAINDERS. *Limitations.*

The rights of remaindermen as to their estate are not affected by statutes of limitation, such as Code 1906, section 3123 (Hemingway's Code, section 2487), until their right to possession accrues upon the death of the life tenant.

6. LIMITATION OF ACTION. *Pleading and proof. Matters not denied.*

In view of Code 1906, section 584, (Hemingway's Code, section 346), relating to matters accepted as true in the pleadings, where a bill for partition alleged that the holder of a life estate died at a time less than four months before the filing of the bill, which was not denied by the answers, evidence could not be introduced to show that the life tenant died more than ten years previously, so that the statute of limitations would run against a division of legal estate in remainder or an equitable remainder.

APPEAL from the chancery court of Amite county.

HON. R. W. CUTRER, Chancellor.

Suit by Mrs. Viola Reynolds and others against J. T. Wilkinson and others. Judgment for defendants and plaintiffs appeal.

Motion to correct certificate of clerk overruled and judgment affirmed in part and reversed in part.

The facts are fully stated in the opinion of the court.

*George Butler,* for appellant.

Our position is that the lower court could not and did not receive evidence of matters not relied upon in the pleadings and could not and did not receive evidence to contradict the admissions in the answers and cross-bills.

"Where a fact is alleged in the bill and admitted in the answer, the admission is conclusive. The facts admitted are not in issue and need not be proved, and the admissions cannot be questioned or denied by proofs." 1 Enc. Pl. & Pr. 927; *Colbert* v. *Henly,* 64 Miss. 374.

"Evidence as to matters not alleged in the pleadings cannot be considered by the chancellor no matter how good a cause of action they indicate, or how strong a defense they present. The chancellor can no more make a decree on proof not justified by the pleadings, than on pleadings not justified by the proof." Gibson's Suits in Chancery, section 451.

"The object of pleadings is: (1) to notify the opposite party what matters will be offered in evidence; and (2) to inform the court what matters are submitted to its adjucation. It is therefore, (1) a fundamental rule of pleading that not facts are in issue, unless they are alleged in the pleadings; and (2) it is a fundamental rule of evidence that no proof is admissible, unless it relates to the facts alleged in the pleadings. The court cannot notice matter, however

clearly proved, unless it be alleged in the pleadings; and omissions in the allegations of the bill cannot be supplied by evidence." Gibson's Suits in Chancery, sec. 455.

"It is a fundamental rule in chancery, as in the courts of law, that no evidence will be admitted in reference to any matter not noticed in either the bill or answer." Gibson's Suits in Chancery, section 457.

"Grounds of a Decree—The bill and decree in a cause are syllogistic in their nature, the law constituting the major premise of the syllogism, and hence seldom expressed, the bill constituting the minor premises, and the decree constituting the conclusion of the syllogism. For this reason which is as sound in law as in logic, the decree must be legitimate deduction from the bill, and the law, or it will be erroneous on its face. And if the facts alleged in the bill are denied in the answer, and not proved, any decree based on such a bill will be erroneous in fact. It follows from these premises, that a proper decree must be based either on the bill and the admissions in the answer, or on the bill and the proofs in the cause sustaining it, and that a decree not so based is necessarily erroneous, a decree must be founded on, and sustained by, both the material allegations and the pertinent proofs in the cause; it cannot be based on allegations without pertinent proofs, nor on proofs without corresponding allegations, but must conform to the material allegations in the pleadings, as well as to the pertinent proofs in the cause.

A court of chancery has no jurisdiction of any matter not submitted to it in a pleading for adjudication; nor can the defendant be called on to respond to anything not alleged against him. Neither can a court consider any evidence which does not directly or indirectly, tend to prove, or disprove, the averments contained in the pleadings. A decree can neither be based on allegations without corresponding proof, nor on proof without corresponding allegations but all decrees must be the con-

curring result of allegations justified by proof, and proof justified by allegations. A decree based on pleadings, without proof will be reversed on appeal or writ of error, but will be good against collateral attack; for such a decree is *coram non judice,* and absolutely void. The jurisdiction of the court is circumscribed by the pleadings, and the pleadings are circumscribed by the law.'' Gibson's Suits in Chancery, section 555.

This doctrine received early approval in the jurisprudence of this state. *Pension* v. *Williams,* 23 Miss. 64; *Bowman* v. *O'Riley,* 31 Miss. 261; *Fatheree* v. *Fletcher,* 31 Miss. 261; *Greenthall* v. *Lincoln, et al.,* 67 Conn. 372; *Steene* v. *Coleman,* 73 Conn. 252; *Hammer* v. *Rigby,* 65 Miss. 41; *Bank* v. *Pullen,* 113 Miss. 632; *Buckley* v. *Brannon,* 99 Miss. 116; *Bunkley* v. *Jones,* 79 Miss. 1; *Railroad Company* v. *Duncan,* 95 Miss. 749; *Railroad Company* v. *Brace,* 95 Miss. —.

But, it is said that appellants did not demur or except to the sufficiency of the answers and cross-bills, and that they are now estopped to say that they did not present a defense to this suit. A perfect answer to this contention is that a demurrer to an answer is unknown to the chancery practice. 1 Enc. Pl. & Pr. 873. That exceptions are confined to matters of discovery and notice to test the sufficiency of the defenses set up in the answer. *Perry* v. *Bank of Commerce,* decided January 13, 1919, not yet reported; *Rosamond* v. *Carroll County,* 101 Miss. 701, and the authorities therein cited.

Again, this is said that in the absence of a showing that appellants objected to the testimony on the ground that it was not justified by the pleadings, this court will assume that, that objection was waived and that if it had been made in the court below, the pleadings would have been amended to conform with the proof, and therefore appellants are not in a position to invoke the rule that a party cannot set up one title and prove another. This contention is answered by the case of *Hamner* v. *Rigby,* 65 Miss. 43; *Bank* v. *Pullen,* 113 Miss.

632; *Buckley* v. *Brannon,* 99 Miss. 116; *Railroad Co.* v. *Duncan,* 95 Miss. 749; *Railroad Co.* v. *Grace,* 95 Miss. 611.

It is also answered by the case of *Greenthall* v. *Lincoln, et al.,* 67 Conn. 372; *Greenthall* v. *Lincoln et al., supra,* 3 C. J. 796, et seq.

We repeat that appellees do not question the correctness of the legal positions taken in our original brief. They concede the correctness of our view and in effect concede that the case must be reversed unless the court holds that under the pleadings in this case, the court will assume that the evidence proved a title in the defendants not set up in their answer.

They suggest, that inasmuch as the appellants set the case down for hearing on oral testimony, that they have not the right to insist upon the rule which we are contending for. As I recall the record, it does not show whether complainants set the cause down or the defendants. However, the court must remember that as to two hundred and forty acres of this land, claimed by Hiller under the court sales, it was perfectly proper to have oral testimony and that appellants could not set the cause down as to that land, on the bill and answer, without admitting defendants' title and this, no doubt complainants did set the cause down on the pleadings and oral testimony, it does not affect the case. They had a right to stand on the bill and answers and also on the failure of the defendants to sustantiate the allegations of their answers by proof.

The issues are clear cut and were made by the pleadings. If we assume that appellees proved everything alleged in their answers and cross bills, we are nevertheless entitled to a decree for eight hundred acres of this land and we insist that the case should be reversed and the appellants, by a decree of the court, declared to be the owners of the interests in the land claimed and that the case should be remanded on the cross bills

for an accounting only, if the court should think an accounting is proper.

*Will A. Parsons,* for appellee.

We differ with the appellants as to the question that is before this court. Appellants in their brief say the only question hence now before the court is the question raised by appellees and is as follows: "Can they rely upon one title in their answers and have this court assume on appeal that they proved on oral evidence before the chancellor another or different title than that pleaded or relied upon in the court below." In our judgment the question in the case raised on the pleadings is whether or not the pleadings are sufficient on appeal to make an issue. We submit to the court in the first place that section 584 of the Code does not apply. In this case there is a denial of the allegations of the bill otherwise than by the general traverse. We take it that a general traverse within the meaning of this section means a general denial of all the allegations of the bill. In the case of *Colbert* v. *Henley,* referred to in appellants brief, 64 Miss. 376, the allegation in question was denied only by a general traverse, denying all of the allegations of the bill of complaint, and in that case the appellees in the supreme court adopted a theory antagonistic to the one on which they fought the case out in the lower court. In the case at bar the answers deny that the tax title of May 10, 1875, is void and of no effect as claimed in the bill of complaint. Justice CAMPBELL in the case of *Davis* v. *Lumpkin,* 57 Miss. 526, says in speaking of this section; "A rule of practice created for convenience should not be perverted to injustice." In that case there was no denial of the allegations in question except by reference to another case in which they were denied and in the absence of exceptions or objections in the lower court this was held to be sufficient in the supreme court. In

the case of *Brown* v. *Brittish and American Mortgage Co.,* 38 So. 912, the power of Shattock & Hoffman to act for the corporation was made the basis of their claim of title and was not controverted in any way by the defendant.    We take it that under the authorities that the statute provides that everything that is not denied except by general traverse is to be taken on the hearing as true, but that the question as to the sufficiency of the allegations to create an issue otherwise than by a general traverse is left for the courts to decide upon the principles and rules recognized by law.    In this case the answers allege that the tax sale which complainants attack in their bill is valid and binding and conveyed a good title to the state of Mississippi. This could not mean anything else but that everything was done that was necessary to the validity of the title.    In the case of *Colbert v. Henley,* there was no allegation outside of the general traverse that necessarily included a denial of the allegation that the property was worth seventeen thousand dollars.    And even in that case the court said that it would be loath to hold the appellee bound by his answer in the present form but that his effort in the lower court was to subject a part of the lot to his judgment irrespective of the value of the whole because it was separated by a fence from the remainder and as he contended, was dissevered from the homestead and the court held that he must stand or fall.    On the theory of the case he sought relief in the lower court.    In the case also of *Fenton* v. *Williams,* 23 Miss. 64, the evidence offered was on an allegation not attempted to be denied in any way but was offered by the complainant and was in direct conflict with the statement contained in the bill.    So in the case of *Bowman* v. *Phillips O'Reiley,* not only was the matter not alleged in any way by the cross complainant but the very opposite statement was contained in the cross-bill, and in that case the court having all the proof

before it held that there is no reason, either in the pleading or proof for treating the land as partnership property. In the case of *Fatheree* v. *Fletcher*, 31 Miss. 261, the complainant not only did not make any allegations which necessarily included the statement that the slave was purchased, but set up a claim adverse to the title of Mrs. Fletcher and inconsistent with the idea of a gift from her. We submit also that the case of *Banks & Co.* v. *Bulen*, 113 Miss. 632, is not adverse to our contention in this case for it is not at all in line with the case at bar and has no bearing upon the question involved here. In that case it was decided that if everything defendant plead or attempted to plead was absolutely true she was liable. This case, if it is true, as we plead that the sale made on the 10th of May, 1875, was good and valid, this case would certainly be confirmed. The case also of *Branton* v̇. *Buckley*, 99 Miss. 116, referred to at some length by appellant was absolutely determined by the construction of the will and the language of the will was clear and conclusive and the court might have well held that no evidence that might have been introduced in the lower court could have affected in any way the construction of a will as clear and conclusive in its langauge as that one was. In the case of *Buckley* v. *Jones*, 79 Miss. 1, it certainly does not uphold the position of appellants. On the contrary, it recognizes the rule that the presumption of correctness is indulged in favor of a decree or judgment when only a part of the record is before the supreme court. And then the court proceeds to examine the other parts of the record and affirms the decision of the lower court. A mere inspection of the case of *Railroad Co.* v. *Dunningan*, 95 Miss. 74, shows that it has no application to the case at bar.

The quotations from Gibson's Suits in Chancery contained in appellant's brief is, we submit, is a general statement intended as a guide to the pleader in pre-

paring his plea and does not refer to questions of this kind arising on appeal. However this authority in speaking of the answer as a means of defense in chancery court sets up the proposition, which is a correct one, that the purpose of an answer is to notify the opposite party of what defense the respondent is making to the complaint and therefore a statement in the nature of a defense is sufficient which puts complainant upon notice of the defense relied upon. The same authority, page 293, at the bottom, says: ''In stating defendant's case, however, it is only necessary to use such a degree of certainty as to inform the complainant of the nature of the defense to be made, and the same degree of. definiteness need not be observed in setting out these defenses as is required of the complainant in specifying the grounds upon which he relies for relief.'' And then on page 334 this authority lays down a further rule as rule four: ''It is not necessary to allege circumstances that are necessarily implied from what is alleged.'' So in 2 C. Y. C. 672; 2 Cyc. 690.

In this case it is clear from the examination of the answer that the complainants were notified by the answer that the defendants were upon the tax sale made on the 10th day of May, 1875, and upon the validity of that sale. This they could not do unless this land belonged to that class of land which the law provided should be sold upon that day and unless the list of sales was filed as required by law. The allegation as contained in the answer necessarily included those two things and there was certainly enough in the answer to call attention of complainant to the fact that the defense of the defendants was in the first place, that the tax sale which they attacked in their bill of complaint was valid and the statute of limitations.

Under the rules that govern in appeals where the evidence is not before the courts we submit that the presumption in this case should be that the evidence necessary to sustain the findings of the chancellor was

admitted before him in the lower court and the record showing no objection thereto that it was admitted without objection because of any variance or because of any defect in the pleading or for any other reason, and we submit that the court should not reverse this case upon the insufficiency of the pleadings unless they would reverse the case if the record showed affimatively that all the evidence was introduced necessary or proper to support the decrees of the chancellor and that the same was not objected to in the lower court. It surely will not be held that the appellants could obtain any advantage by leaving the evidence out of the record.

We respectfully submit that the decree of the lower court should be affirmed.

SMITH C. J., delivered the opinion of the court.

The certificate of the clerk below to the record in this case is in the usual form, setting forth that it contains a true and correct transcript of the proceedings as the same now appears on file in his office.

The final decree sets forth that the cause was heard on the pleadings and proof, but the record contains only the pleadings, an exhibit thereto, and the court's decree. This motion filed by appellees alleges that on the trial in the court below evidence both documentary and oral was introduced, and that the oral evidence was not preserved by a bill of exceptions or otherwise, and prays that an order be entered here correcting the clerk's certificate so as to make it read as follows:

"I, G. M. Causey, clerk of the chancery court of said county and state, do hereby certify that the within and foregoing pages contain a true and correct transcript of a part of the proceedings in the matter of *Mrs. Viola Reynolds et al.* v. *T. J. Wilkinson et al.* had and held before the honorable chancery court of Amite county, Mississippi, and which proceedings are now on file in this office."

Conceding for the. sake of the argument that the certificate of the clerk below to a transcript of a record filed by him in this court may be corrected without his consent on a motion of the character here under consideration, the certificate complained of is in proper form, and is the only certificate the clerk can make, unless he has omitted from the transcript a part of the record as it appears on file in his office.

The procedure for enabling the court to determine whether a clerk below has ommitted from the transcript of the record in a case appealed to this court a necessary part thereof, and which is on file in his office, is by a writ of *certiorari* directing him to send up the alleged missing parts, and upon his reply thereto without a compliance with the order therein contained the court can determine whether or not the transcript of the record as certified by the clerk is in fact defective, and, if so, whether he can remedy the defect.

When the cause is submitted to us for trial on he merits, we cannot, of course, in the absence of a transcript thereof, consider any assignment of error the determination of which will require an examination of the evidence on which the decree in the court below was rendered.

*Overruled.*

### In Banc—On the Merits.

This is a suit for partition in which the appellants were the complainants and the appellees were the defendants in the court below. The bill of complaint, among other things, alleges in substance that the complainants are children and grandchildren of Micajah Wilkinson, by whom the land in controversy was owned at the time of his death in August, 1868, and which was devised by items 2 and 4 of his will, which was probated and recorded, as follows:

"Item 2. Further that it is my will and desire that the remainder of my estate, both real and personal be kept together under the control and management of my executors for the use and benefit of my wife and minor children, that is to say, I will and direct my executors to keep on and carry on the business of farming, to the best of their judgment and that the proceeds of the crops and the crops by them raised on said real estate is to be employed and used by said executors in the maintenance and education of my minor children, their education to be good, plain English education and for the support of my wife with said children until my youngest child arrives at the age of twenty-one years or is lawfully married, then and in that event, it is my will that should my said wife still be living, my executors hereinafter to be mentioned, shall continue to keep up the said farm, and all the personal property, not otherwise disposed of under the provisions of this will and manage the same to the best of their judgment for the support of my said wife and the keeping in repair the said premises aid in keeping up the stock, farming utensils, etc., of said plantation in the way and manner best calculated in their opinion to promote the interest of the legatees under this will. At the death of my said wife it is my will that all of my estate, both real and personal, be sold upon such terms as my executors surviving my said wife, shall think most advisable and that the proceeds of said sales of both real and personal property, I will and direct to be equally divided between all my children (with the exception of Nathaniel S. Wilkinson) each to share and share alike in the division of the proceeds of said sales," etc.

Item 4. In case of the death of my wife before the youngest child arrives at the age of majority, it is my will that my estate then be sold and disposed of according to the direction of item two of this my will."

The bill further alleges, in substance, that the land was sold to the state on the 10th day of May, 1875, for the taxes due thereon for the year 1874, and that the defendants now claim the land by a purchase from the state, but that "the sale (to the state) was void, being made on a date other than the date fixed by law for sales for taxes delinquent for the year 1874, and that the list of lands struck off to the state was not filed as required by law." The prayer of the bill was that the appellees' claim to the land be canceled as a cloud upon the appellants' title thereto, and that the land be sold for a partition according to the provisions of Micajah Wilkinson's will.

Separate answers were filed by the appellees in which they admitted the sale of the lands for taxes to the state in 1875, but denied that the "sale was void and conveyed to the state no title," but did not deny that the "list of lands struck off to the state was not filed as the law directs."

These answers also attempted to, and we will assume did, set up the various statutes of limitation and adverse possession, and several of the answers also allege that the claim of title to the land by the appellees had been known to and acquiesced in by the appellants for many years.

The bill was filed in January, 1916, and alleges that Mrs. Wilkinson died on the 29th day of September, 1915, which allegation is not denied by the answers.

It appears from the answers that the executors appointed by the will of Micajah Wilkinson qualified and entered upon the discharge of their duties.

On final hearing the bill was dismissed.

The cause was tried in the court below on bill, answer, and proof, but the evidence introduced was not preserved, so that the decree there rendered must be affirmed if it can be supported by any evidence which could have been introduced under the pleadings.

The appellees' contentions are that under the allegations of their answers they could have introduced evidence showing: First, that the sale to the state for taxes for May 10, 1874, was valid; second, that they had acquired title by adverse possession; and, third, that the appellees are estopped from setting up any title to the land for the reason that it may have appeared from the evidence that the appellants had with their knowledge and without any objection from them spent considerable money in improving the land under their claim of title thereto.

Leaving out of view the contention of appellants that the bill alleges and that the answers do not deny that the sale for taxes was made on the wrong day, the court below should have held that this sale was void under the provisions of section 1698, Code of 1871, which now appears as section 2933, Code of 1906 (section 5268, Hemingway's Code), for the reason that the bill alleges, and the answers do not deny, that the list of lands struck off to the state was not filed as the law directs, which allegation, under the provisions of section 584, Code of 1906 (section 344, Hemingway's Code), must be accepted as true without reference to any evidence which may have been introduced in denial thereof. *Colbert* v. *Henley,* 64 Miss. 374, 1 So. 631; *Railroad Co.* v. *McLarty,* 71 Miss. 755, 15 So. 928.

The right of the appellants to the estate in remainder devised to them by the will here in question is not barred by any of the statutes of limitation, for the reason that their right to the possession thereof did not accrue until the death of their mother, so that the statutes of limitation could not be set in motion until the happening of that event. This is true whether the devise is, as contended by counsel for the appellants, direct to the appellees of a legal estate in remainder, or, as contended by counsel for the appellees, is in trust for them of an equitable remainder. *Jordan* v. *Bobbitt,* 91 Miss., 45 So. 311; *Clark* v. *Foster,* 110 Miss. 543, 70

So. 583. As pointed out in *Clark* v. *Foster,* section 3123, Code of 1906 (section 2487, Hemingway's Code), has no application to the rights of a remainderman under a devise or grant in trust to take effect only after the termination of a particular estate until the rights of the remainderman fall into possession.

But it is said by counsel for the appellees that it may have appeared from the evidence that Mrs. Wilkinson died more than ten years before the filing of the appellants' bill, and that they had been in the adverse possession of the land since her death, so that the period of time necessary to bar the appellees' title would have elapsed after they became entitled to the enjoyment of their estate. If such evidence was in fact introduced, it could not have been considered by the court, for the reason that the allegation in the bill that Mrs. Wilkinson died on the 29th day of September, 1915, which was less than four months before the filing of the bill, was not denied in any of the answers. Section 584, Code of 1906 (section 344, Hemingway's Code); *Colbert* v. *Henley,* 64 Miss. 374, 1 So. 631.

The appellees' third contention is without merit for the reason that the appellants' title was of record. *Staton* v. *Bryant,* 55 Miss. 261; *Mortgage Co.* v. *Bunckley,* 88 Miss. 641, 41 So. 502.

It appears from one of the answers that two hundred and forty acres of the land described as east half of the southeast quarter section 31, and southeast quarter of section 35, township 3, range 4, was sold under order of the chancery court by the executors of the will of Micajah Wilkinson to pay debts due by his estate, and that the present claimants thereof hold by mesne conveyances from the purchaser at that sale. If the evidence supported this allegation, and we must assume that it did, the appellants have no title thereto, and this we understand their counsel to concede, so that the decree of the court below will be affirmed in

so far as it affects this two hundred and forty acres of land, but in all other respects it will be reversed, and the cause will be remanded.

Affirmed in part, and reversed and remanded in part.

. *Affirmed.*

*Reversed and remanded.*