DICKINSON, Presiding Justice,
dissenting:
¶ 19. The majority correctly concludes that an action to clear title is treated as an action to recover land, and is subject to a ten-year statute of limitations. But because the majority tolls the statute in stark contrast to the statutory language, I respectfully dissent.
¶ 20. With no analysis of the statute— and with no explanation of why it refuses to follow the clear statutory language — the majority has determined that the limitations period provided in Section 15-1-7 has yet to run. The statute says:
*804 A person may not make an entry or commence an action to recover land except within ten years next after the time at which the right to make the entry or to bring the action shall have fírst accrued to- some person through whom he claims, or, if the right shall not have accrued to any person through whom he claims, then except within ten years next after the time at which the right to make the entry or bring the action shall have first accrued to the person making or bringing the same.[7]
¶ 21. Under this statute, a ten-year limitations period starts to run when the right to bring a lawsuit accrues. There is no other way to read the language of the statute. After Ralph learned of Brenda’s competing interest, his right to file this suit accrued, but he did not file it. Instead, he allowed more than ten years to pass before filing it, so the statute of limitations expired.
¶ 22. Instead of following the statute’s clear language, the majority opts to follow what it believes to be a “general rule” applied in the state courts of Texas and Alabama. These authorities might be persuasive if our statute left room for interpretation — but it does not. The Legislature has imposed a ten-year time limit for actions to clear title, and it begins to run when “the right., to bring the action shall háve first accrued.”[8]
¶ 23. Further, I am compelled to respond to the cases cited by the majority which reference the statutes of limitations in other kinds of actions, and which were addressed by this Court in-nearly century-old precedent that was decided under different law, and without consideration of the statutory language before us today.
¶24. In Wilson, this Court applied a then-existing, general ten-year statute of limitations.[9] In Clark, we addressed a two-year statute for actions to recover land.[10] In Reynolds, we found that “section 8123, Code of 1906 (Section 2487, Hemingway’s Code), had no application to the rights of a remainderman under a devise or grant in trust to take effect only after the termination of a particular estate until the rights of the remainderman fall into possession.”[11] And in Hoskins[12] and Belt,[13] we held that limitations statutes would not run on actions to recover land when the remainderman had no right to bring his action. None of the cases addressed the statutory language we must apply in this case. Because Ralph was aware of Brenda’s competing interest more than ten years before he filed his complaint, Section 15-1-7 bars his action to clear title.
¶ 25. The majority makes clear its view that the Legislature’s statute was a mistake because — if strictly enforced — it “would abrogate, rather than add to, the traditional and common-sense protections afforded future interest holders.” And, because the statute fails to provide these “common-sense protections,” the majority concludes that, “even though Ralph’s cause of action already has accrued, the statute *805 is tolled until Ralph obtains a present right of possession at the termination of the life estate.”
¶ 26. With respect, I must reject the majority’s holding. It places this Court’s view of what makes common sense above the Legislature’s constitutional authority to make the laws. For the reasons stated, I would hold that the statute of limitations has expired, and I would reverse the chancellor’s denial of the defendant’s motion to dismiss.
RANDOLPH, P.J., LAMAR AND COLEMAN, JJ„ JOIN THIS OPINION.

. Miss.Code Ann. § 15-1-7 (Rev.2012) (emphasis added).

. Id.

. Wilson v. Parker, 14 So. 264, 266 (Miss.1894).

. Clark v. Poster, 110 Miss. 543, 70 So. 583, 584 (Miss.1916).

. Reynolds v. Wilkinson, 119 Miss. 590, 81 So. 278, 280 (Miss.1919).

. Hoskins v. Ames, 78 Miss. 986, 29 So. 828 (Miss.1901).

. Belt v. Adams, 124 Miss. 194, 86 So. 584, 588 (Miss.1920).